COOLEY v. TRUSTEES OF NEW YORK AND BROOKLYN BRIDGE.

(Supreme Court, Appellate Division. Second Department. January 31, 1899.)

APPEAL—RESETTLING CASE.
> Where moving party, on resettling a case, sets out in detail a colloquy, which defendant's attorney states took place at the trial, and the opposing affidavits set out plaintiff's version thereof, and the official stenographer made no record of the subject, and the statement is a conclusion reached by the court as an inference from what transpired, and not the facts in detail, appellant is entitled to an order resettling the case.

Appeal from special term, Queens county.

Action by George W. Cooley against the trustees of the New York and Brooklyn Bridge. Judgment for plaintiff. Defendants appeal from an order denying their motion to resettle the case. Reversed, and case remanded for resettlement.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James C. Bergen, for appellants.
G. Washbourne Smith, for respondent.

PER CURIAM. The learned judge to whom the application for a resettlement was made directed that there be inserted in the case a statement which begins with the declaration, "It was admitted by counsel for the defendant." Then follows the matter which is asserted to have been admitted. The moving papers set out in detail the colloquy which the defendants' attorney deposes took place upon the trial in respect to this subject. The opposing affidavit sets out the plaintiff's version of this colloquy, and in minuteness of detail it surpasses by far the averments of the moving affidavit. It is conceded that the official stenographer made no record of the subject, and it also appears that no formal admission was made of a particular fact. The admission, if such it was, is gathered from questions by the court and replies made thereto by the defendants' counsel. The latter strenuously insists that he made no admission such as is contained in the statement, while the affidavit of plaintiff's attorney gives from his memory a detailed colloquy, from which such admission and more can be gathered. It is evident, therefore, that the statement is a conclusion reached by the court as an inference from what transpired. If this inference was not warranted by all that was said and done, then the defendants are not to be concluded thereby. As the statement is made, however, it is conclusive, not only upon the defendants, but upon this court. A case is required to be made up of the transaction as it appeared upon the trial. All of the facts are to be set down, and it is from these facts that the appellate tribunal is to determine whether the conclusions drawn by the trial court are warranted or not. If the court sets out its conclusions as the facts of the case, it is manifest that the appellate tribunal has only the perfunctory duty of affirming such conclusions. The object of the appeal, however, is to show that the court was not warranted in drawing the conclusion which

it did draw from all the proceedings which were had. The defendants, therefore, became entitled to have the colloquy set out from which the inference of an admission was drawn, in order that this court may pass upon the question as to whether it was authorized to be drawn or not. We are not now concerned with the question of how this matter affects the questions presented by the appeal. It is sufficient to say that the defendants are entitled to have the subject-matter stated in the record, so far as the same is material to any material question which the case presents.

The order should therefore be reversed, and the case remitted for resettlement.